UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**DENNIS CHASE,**

    **Plaintiff,**

    v.

**UNITED STATES DEPARTMENT OF
JUSTICE,** *et al.***,**

    **Defendants.**

Civil Action No. 17-274 (JEB)

---

## MEMORANDUM OPINION

In a March 15, 2018, Opinion, this Court granted summary judgment to the Government Defendants named in Plaintiff Dennis Chase's *pro se* Freedom of Information Act suit. In doing so, the Court determined that the Government's search for documents related to Chase was adequate and that it had properly applied FOIA exemptions to its withholdings. Unhappy with this outcome, Plaintiff asks the Court to reconsider its Opinion, renewing his previous arguments and adding that he should be granted a waiver of his court filing fee. As the arguments and evidence presented are neither new nor persuasive, the Court will deny Chase's Motion.

### I. Background

As background of this case is set forth in greater detail in the Court's previous Opinion, see Chase v. U.S. Dep't of Justice, 301 F. Supp. 3d 146 (D.D.C. 2018), an abridged summary of the dispute will suffice here.

This case arose as a result of Plaintiff's sending FOIA requests to the U.S. Marshals Service and the Executive Office for U.S. Attorneys, beginning in November 2015, for all records concerning his detention, arrest, booking, and criminal prosecution for transportation and

1

possession of child pornography in 2011.  See ECF No. 1 (Complaint), Exhs. A (USMS FOIA Request); E (EOUSA FOIA Request).  The requests unfortunately fell victim to the bureaucratic process, resulting in multiple delays caused by the two agencies.  Growing impatient with the lack of movement, Plaintiff filed his original Complaint here on February 23, 2017.  Reading the tea leaves, the named agencies then conducted a search for relevant documents and have since released 430 pages to Plaintiff, 15 of which were partially redacted.  See ECF Nos. 28-2 (Declaration of Princina Stone), ¶ 13; 28-9 (Declaration of William E. Bordley), ¶ 7.  EOUSA also referred approximately 1,216 pages of records to the Federal Bureau of Investigation for its review and direct response to Plaintiff.  See ECF No. 28-11 (Declaration of David M. Hardy), ¶ 5.  Thereafter, the Bureau contacted Chase to notify him that it had received the records from EOUSA and to inform him of the estimated total cost for processing his request.  After Plaintiff unsuccessfully sought a fee waiver, he added the FBI as a Defendant in the lawsuit.  Both sides subsequently filed cross-motions for summary judgment.

This Court granted summary judgment to Defendants on March 15, 2018.  See ECF No. 35 (Order).  The Court's Opinion concluded that they had sufficiently complied with FOIA's dictates by both completing an adequate search for relevant documents and invoking valid exemptions for withholding the remaining documents and portions of documents.  Chase, 301 F. Supp. 3d at 154, 156.  The Court separately analyzed whether any segregability issues existed, ultimately concluding that none did.  Id. at 156.  Plaintiff's arguments for a waiver of the FBI's duplication fee similarly failed.  Id. at 158.  The Court, therefore, found that Defendants were entitled to judgment as a matter of law on all counts.  Id. at 159.

On October 1, 2018, Plaintiff filed the instant Motion for Reconsideration. As the Motion is untimely under Federal Rule of Civil Procedure 59(e), the Court will interpret it under Rule 60(b).

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A Rule 60(b) motion need only be filed "within a reasonable time," which, in certain circumstances, means, "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The party seeking relief under Rule 60(b) bears the burden of showing that he is entitled to relief. Jarvis v. Parker, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (citing Norris v. Salazar, 277 F.R.D. 22, 25 (D.D.C. 2011)).

While Plaintiff's Motion never cites any specific subpart of Rule 60(b), the Court recognizes Chase is a *pro se* plaintiff and will thus evaluate the Motion under subsection (b)(6), which is the only one that could apply. Courts have typically interpreted that subsection to apply only "to extraordinary situations" and note that it "should be only sparingly used." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Ackermann v. United States, 340 U.S. 193, 202 (1950)). Plaintiff explains that he was hospitalized and

3

diagnosed with a potentially fatal condition, such that he could not timely file under the more lenient Rule 59(e). The Court will thus give Chase some leeway in its analysis.

**III.    Analysis**

In seeking reconsideration, Chase advances five theories: (1) he should be given grand-jury materials because they have been previously produced; (2) USMS should not have redacted the documents it did disclose; (3) USMS's search was insufficient; (4) Defendants acted in bad faith, and (5) he should be granted a waiver of his court filing fee. Although some of these arguments are difficult to parse, the Court will address each in turn.

    A. Documents Previously Produced

Chase first argues that the Government cannot withhold the 51 pages of grand-jury transcripts that he requested because it had previously disclosed these documents to him in preparation for trial. As evidence of this, Plaintiff states that he has attached "the full transcript" to his Motion. See ECF No. 39 (Pl. Mot.), ¶ 8.

If this attachment is indeed a copy of the full transcript he seeks, the Court is perplexed as to why Plaintiff wants the same document again. While the Court thus sees no logical reason to compel disclosure of a document already in Plaintiff's possession, precedent also precludes such an action. To begin, even if information exists in some form in the public domain, that is not equivalent to official disclosure through FOIA channels. See Wolf v. CIA, 473 F.3d 370, 378 (D.C. Cir. 2007). As such, "an agency responding to a FOIA request is not foreclosed from asserting exemptions to withhold information that it had previously disclosed to a party in a non-FOIA proceeding." Smith v. FBI, 663 F. Supp. 2d 1, 3 (D.D.C. 2009).

In any event, Plaintiff's argument casts no shade on the Court's prior reasoning in upholding Exemption 3 here, which covers records "specifically exempted from disclosure by

4

statute." 5 U.S.C. § 552(b)(3). This is particularly relevant if the transcript Plaintiff attached is not the entirety of the grand-jury material he wants. In such an instance, Chase still has not stated why the exemptions the Government applied — and the Court previously accepted — are improper. A motion for reconsideration must present new evidence or arguments in order to be granted, and here Plaintiff does neither.

### B. USMS Redactions

Plaintiff next takes issue with USMS's redactions of names and personal information on 28 pages of documents the agency did release. He insists that such redactions were unnecessary as they "would not have been made public" and as he already knew the names that were excluded. See Pl. Mot., ¶ 14. What Chase would do with the information is not relevant, and he does not make clear why he is concerned about the redactions if he currently knows the names redacted. In any event, he again falls short of explaining why the exemption invoked by USMS — and accepted by the Court — is inapplicable. As noted in the prior Opinion, exemption 7(C) covers law-enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The Court already concluded in its prior Opinion that USMS properly applied this exemption. To combat this, Plaintiff needed to explain why 7(C) does not reach the names withheld. This Chase failed to do.

### C. USMS Search

Chase also contends again that USMS failed to locate all records responsive to his FOIA request. In criticizing USMS's search, Plaintiff points to its "failure to produce" the results of his breathalyzer test and his booking records. See Pl. Mot., ¶ 11. Rather than providing the Court with new evidence or arguments, he lobs a conspiracy theory at the police department that

5

arrested him. Chase proffers that the agencies are "destroy[ing] records they don't want to make available for release or they simply don't look for them." Pl. Mot., ¶ 16.

As explained in this Court's prior Opinion, "[A]n agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The Court explained at length in its prior Opinion why the steps Defendants took to search for responsive records were adequate. Chase has offered nothing to entice the Court to reconsider this issue.

   D.  Bad Faith

Chase renews his argument that Defendants acted in bad faith throughout the FOIA process. He specifically dwells on the ten-month gap between the request from USAO-DNM and the response by EOUSA. See Pl. Mot., ¶ 17. While Plaintiff adamantly expresses his incredulity over such a delay, he offers no new arguments or evidence of bad faith.

 The Court need not engage at length with this issue, as it already disposed of Plaintiff's argument in its prior Opinion, and Chase brings nothing new to the table here. As the Court noted before, "Courts routinely find that delays in responding to FOIA requests are not, in and of themselves, indicative of agency bad faith." Chase, 301 F. Supp. 3d. 158 (quoting Skurow v. Dep't of Homeland Sec., 892 F. Supp. 2d 319, 326 (D.D.C. 2012) (one-year delay insufficient for finding agency bad faith; claims of bad faith were purely speculative)); see also Competitive

Enter. Inst. v. Nat'l Aeronautics & Space Admin., 989 F. Supp. 2d 74, 88–89 (D.D.C. 2013) (two-year delay from inadequate staffing not caused by bad faith); Thomas v. Dep't of Justice, 531 F. Supp. 2d 102, 109 (D.D.C. 2008) (three-year delay in agency's response to FOIA request not "purposeful" and absent additional evidence did not indicate bad faith); Goland v. CIA, 607 F.2d 339, 355 (D.C. Cir. 1978) ("[I]n view of the well-publicized problems created by the statute's 10- and 20-day time limits for processing FOIA requests and appeals, the CIA's delay alone cannot be said to indicate an absence of good faith.") (footnote omitted); Fischer v. Dep't of Justice, 723 F. Supp. 2d 104, 108 (D.D.C. 2010) (rejecting argument that failure to produce documents until after litigation commenced evinces bad faith). It stands by this position.

E. Filing Fee

Plaintiff concludes by asking the Court to waive his court filing fee. He contends that since the Bureau of Prisons has not started deducting the fee from his prison account — even though the deductions were ordered over a year ago and a half ago in the Order approving his *in forma pauperis* status, see ECF No. 4 — the fee should simply be waived. See ECF No. 3 (Prisoner's Account Statement); see also Pl. Mot., ¶¶ 20–25. As this issue was not even raised in Plaintiff's Complaint, the Court has no basis to reconsider the original Opinion. Even if it had been, it is not this Court's place to supervise how the Bureau of Prisons administratively handles prisoner accounts.

**IV. Conclusion**

For these reasons, the Court will deny Plaintiff's Motion for Reconsideration. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: November 13, 2018